UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 3:10-cr-00223 (VAB) |
| : | |
| KEITH SYKES, : | |
| Defendant. : | |

**RULING ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

On August 16, 2012, this Court (*Burns, J.*) sentenced defendant, Keith Sykes, to a term of 72 months' imprisonment and 4 years' supervised release following his conviction of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).[1] Mr. Sykes now seeks to reduce that sentence and has filed a Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c) [Doc. No. 650]. For the following reasons, this motion is DENIED.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, a district court must follow a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

> At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.' []  At step two . . . , § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case. []

*United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (alterations in original) (citations omitted). Here, since the application of this approach does not change the guideline range of Mr. Sykes's sentence, no reduction in his sentence is warranted.

---

[1] Mr. Sykes entered a guilty plea on July 28, 2011. *See* Doc. Nos. 211, 213.

1

Mr. Sykes contends that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. At the time of Mr. Sykes's sentencing, his adjusted offense level was computed to be 31, factoring in a base offense level at the time of 28 for a quantity of heroin of at least 400 and less than 700 grams and a 3 level increase for his role. With a 3 level reduction for acceptance of responsibility, his total offense level would have been 28 under § 2D1.1. Under the amended Sentencing Guidelines, the base offense level applicable to the amount of heroin involved in Mr. Sykes's case is 26, resulting in a total offense level of 26 after factoring in the same adjustments.

However, Mr. Sykes does not qualify for a sentence reduction because his guideline range has not been lowered by Amendment 782. At the time of the original sentencing, the Court determined that Mr. Sykes was a career offender under U.S.S.G. § 4B1.1, which provided for an offense level of 34 in this case. Section 4B1.1 further provided that, if the offense level applicable thereunder was greater than the offense level otherwise applicable, the career offender offense level would apply. With a 3 level reduction for acceptance of responsibility, the total offense level under § 4B1.1 was 31. Because it was greater than the offense level calculated under § 2D1.1, the Court used the § 4B1.1 calculations.

Amendment 782 does not change the career offender guidelines; therefore, the total offense level computed under § 4B1.1 would have determined the applicable Guidelines range[2] had the amended Guidelines been in place at the time the defendant originally was sentenced.

---

[2] *See* U.S.S.G. § 1B1.10, cmt. n.1 (defining "the applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guidelines Manual or any variance"

Because "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision," U.S.S.G. § 1B1.10, cmt. n.1, Mr. Sykes is not eligible for a sentence reduction under Amendment 782.  "Nor is this result affected by the fact that Judge Burns departed downward from the range set forth by application of the career offender guideline when she decided what sentence to impose."  *United States v. Jones*, No. 3:10-cr-227, 2015 U.S. Dist. LEXIS 95831, at *3 (D. Conn. July 23, 2015) (citing *United States v. Steele*, 714 F.3d 751, 754-56 (2d Cir. 2013)).  At resentencing, the Court "lack[s] the authority to further reduce [a defendant's] sentence based on its previously-awarded downward departure."  *Steele*, 714 F.3d at 756 (2d Cir. 2013).

      Accordingly, Mr. Sykes's Motion [Doc. No. 650] for reduction of sentence is DENIED.

      IT IS SO ORDERED.

      /s/ Victor A. Bolden
      Victor A. Bolden, U.S.D.J.

      Dated at Bridgeport, Connecticut, this 14th day of October, 2015.